Tjreat, Justice, delivered the following dissenting opinion: I-concur in the views expressed by the majority of the-court, as to the power of the legislature. I admit that the legislature may, in the exercise of its unquestioned powers, form a new county out of any portion of the territory of the state, and at the same time, take away the jurisdiction of the county that had previously controlled and governed it. Having the [*' 277] power to do this, it may altogether omit to provide a government for the new county, or leave it temporarily without a government, by authorizing one to be formed at a future day, by the act of the inhabitants within its limits. Such, however, would be a most arbitrary and unjust exercise of power; and before a court should decide that the legislature had thus acted, its intention should clearly and expressly appear, and not be left to inference or implication. It is a well established rule in the construction of statutes, that where great inconvenience or absurd consequences are to result from a particular construction, that construction should be avoided, unless the meaning of the legislature be plain and manifest. 1 Blac. Com. 98; 2 Craneh 358. If the construction contended for by the defendant be the correct one, the territory included within the boundaries of Marquette county would be, from the passage of the act, to the time of the organization under its provisions, left wholly without any government for municipal and county purposes. The jurisdiction of Adams county being withdrawn, the people residing within this territory, except for certain judicial purposes, would be reduced to a state of anarchy, without the power or capacity to assert and exercise rights and privileges, to which they, in common with all the people of the state, are entitled. On an attentive examination of the act in question, I am impelled to the conclusion, that the legislature never intended to exercise a power liable to such mischievous and unjust consequences. There is no provision in the law expressly taking away the jurisdiction of Adams county; nor is there any provision for a new government before the organization. This consideration, alone, satisfies me, that the legislature never contemplated an exercise of its power, to the extent claimed. All of the provisions of the act, to my mind, seem to have been framed on the understanding, that the old government was to continue in force, until a new one was formed, in the manner prescribed, to take its place, and assume its functions. I cannot believe that an interregnum was intended. I am of the opinion that the jurisdiction of Adams county for all purposes continues over the new county, until its organization is complete. Entertaining these views, 1 am for allowing the application, and awarding a mandamus.